IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MITSUI SUMITOMO INSURANCE | § | |
| COMPANY OF AMERICA | § | |
| | § | |
| *vs*. | § | C. A. NO. H – 13 – 3761 |
| | § | ADMIRALTY |
| M/V LIBERTY PRRUDENCIA, | § | |
| *etc., et al.* | § | |

*ORIGINAL COMPLAINT*

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff Mitsui Sumitomo Insurance Company of America files this Original Complaint against Defendants, the M/V LIBERTY PRRUDENCIA, *in rem*, and Paramounta Liberty Shipping HK ("Paramounta"), *in personam*, and respectfully will prove by a preponderance of the credible evidence:

1.  This action arises from damage and loss to a maritime cargo and/or breach of a maritime contract. Accordingly, the Court has original jurisdiction of this admiralty and maritime claim under 28 U.S.C. §1333(1).

2.  Plaintiff is a New York corporation with its principal place of business in Warren, New Jersey. At all times material, Plaintiff insured Hanwa American Corp. ("Hanwa") and/or the cargo. Plaintiff paid Hanwa for the loss of the cargo under an insurance policy and is contractually and/or equitably subrogated to Hanwa's interest in

the cargo. Plaintiff brings this action for itself and, as necessary, for every person or entity that is or may become interested in the cargo.

3. At all times material and on information and belief, the M/V LIBERTY PRRUDENCIA was an ocean–going vessel, registered in Hong Kong, China, bearing International Maritime Organization (IMO) No. 9250141, weighing approximately 30,374 gross tons, and engaged in the carriage of cargo to and/or from ports in the United States.

4. At all times material, Paramounta owned, managed and/or operated the M/V LIBERTY PRRUDENCIA as a common carrier of goods by water for hire between various ports, including the Ports of Inchon, South Korea and Houston. Paramounta is a foreign entity not authorized to do business in Texas but, at all times material, did business in Texas by carrying cargo aboard vessels to and from Texas, operating and/or managing vessels in Texas navigational waters, entering into charter parties, bills of lading and/or other contracts of carriage in Texas, entering into charter parties, bills of lading and/or other contracts of carriage to be performed wholly or partly in Texas, and/or by committing a tort in Texas, each of which constitutes doing business in Texas in accordance with §17.042 of the Texas Civil Practice & Remedies Code. Paramounta is a non–resident as that term is used in Subchapter C of Chapter 17 of the Texas Civil Practice & Remedies Code but has not designated or maintained a resident agent in Texas. Alternatively, although Paramounta may not be subject to the jurisdiction of the courts of general jurisdiction of Texas or any other state, Plaintiff's action arises under federal law and Paramounta has sufficient national minimum contacts with the United

States as a whole.  The exercise of personal jurisdiction over Paramounta is consistent with the Constitutions and other laws of the United States and Texas.  Accordingly, serving Paramounta with a summons is effective to establish personal jurisdiction over it.  Paramounta can be served by serving the Texas Secretary of State.  Process or notice can be sent to Paramounta at its home office in care of The Liberty Marine Syndicate Pvt Ltd, Sagar Trade Cube, 104, S P Mukherjee Road, Belgharia, Kolkata, 700026, India.

5.      On or about May 12, 2013, Hanwa's shipper tendered in good order and condition to Defendants at Inchon a cargo of mild steel channels.  Defendants agreed safely to receive, handle, load, stow, secure, carry, discharge and deliver at Houston the cargo in the same good order and condition as when received, in consideration of paid freight charges.  Defendants acknowledged receipt of the cargo in good order and condition and, accordingly therewith, issued various bills of lading, including Bill of Lading No. POBUICHHOU130115, free of exceptions or other notations for loss or damage.

6.      Thereafter, on or about June 30, 2013, the M/V LIBERTY PRRUDENCIA arrived at Houston where Defendants discharged and later delivered the cargo, not in the same good order and condition as when received but, on the contrary, part of the cargo was dented, bent, nicked, gouged, smashed, crushed, out of round, compressed, wet, damp, contaminated, rusty, corroded, stained and otherwise physically damaged. The damages and losses proximately resulted from Defendants' respective acts and/or omissions constituting negligence, breach of contract, breach of bailment and/or

violation(s) of the duties of a common carrier of goods by water for hire. Alternatively, the loss proximately resulted from the unseaworthiness of the M/V LIBERTY PRRUDENCIA.

7. Plaintiff paid Hanwa and/or is or will be obligated to pay for the loss of the cargo under an insurance policy and is and/or will be contractually and legally subrogated to Hanwa's interest in the cargo. Plaintiff brings this action for itself, Hanwa and, as necessary, for every person or entity that is or may become interested in the cargo. By reason of the premises and as presently can be determined, Plaintiff proximately has sustained damages exceeding $115,683.60 plus interest dating from May 12, 2013, demand for which has been made upon Defendants but which they refuse to pay.

WHEREFORE, PREMISES CONSIDERED, Plaintiff Mitsui Sumitomo Insurance Company of America prays that: process in due form of law according to the practices of this Honorable Court in causes of admiralty and maritime jurisdiction issue against the M/V LIBERTY PRRUDENCIA, her engines, tackle, apparel, furniture, equipment, etc.; all persons claiming an interest therein be required to appear and answer under oath, all and singular, the matters aforesaid; it have judgment for its damages, interest, and costs; the M/V LIBERTY PRUDENCIA be condemned and sold to satisfy the damages aforesaid; and,

This Honorable Court adjudge that Defendants, the M/V LIBERTY PRUDENCIA, *in rem*, and Paramounta Liberty Shipping HK, *in personam*, are liable to Plaintiff, jointly and severally, for its alleged damages, pre–judgment interest, post–judgment interest,

court costs and all other relief as justice and equity allow.

                                            Respectfully submitted,

                                            *SHARPE & OLIVER, L.L.P.*

By _____
                Robert C. Oliver
                State Bar No. 15255700
                S. D. Texas No. 886
                550 Westcott, Suite 230
                Houston, Texas 77007–5096
                Telephone:    (713) 864–2221
                Facsimile:     (713) 864–2228

OF COUNSEL:

R. M. Sharpe, Jr.
State Bar No. 18129000
S. D. Texas No. 889

                                        ATTORNEYS  FOR  PLAINTIFF